IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES K. ETHERIDGE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **7:04-CV-109 (HL)** |
| RALPH KEMP, Warden, | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (Doc. 15).

Petitioner was charged in Lowndes County with malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. On February 8, 2002, petitioner entered a negotiated plea with counsel to a reduced charge of voluntary manslaughter. Petitioner was sentenced on May 15, 2002 to 20 years in prison.

On or about July 2, 2005, petitioner executed the instant petition. Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d), or alternatively, for lack of exhaustion.

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. O.C.G.A. § 5-6-38. In this case, petitioner was sentenced on May 15, 2002. Petitioner did not file a direct appeal, therefore, his conviction became final on or about June 15, 2002, when the time for filing such an appeal expired. Petitioner therefore had one year from June 15, 2002, or until June 14, 2003, in which to seek federal habeas relief or to otherwise toll the one year statute of limitation by properly filing an application for post-conviction relief or other collateral review.

Petitioner states that he is ignorant of the law and the proper procedures for the filing of appeals and state habeas, and that his attorney never told him about such, merely informing petitioner that he had 30 days in which to file a request for a sentence reduction.

Petitioner further states that the failure to timely file the present habeas should be equitably tolled. In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); *see also* Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew, 297 F.3d at 1286. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. Id. at 1287-89.   Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g.,  Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

Petitioner has not demonstrated the kind of extraordinary circumstances contemplated by the application of equitable tolling.  Equitable tolling is meant to be applied sparingly; petitioner has not demonstrated the extraordinary circumstances necessary to excuse his untimeliness.

The undersigned also finds that petitioner has failed to exhaust his available state remedies, as he admits he did not file a direct appeal or a state habeas petition.   The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996.  Section 2254 of the AEDPA provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> 
> (A) the applicant has exhausted the remedies available in the
> courts of the
> State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to
> protect the rights of the applicant.
> 
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> 
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> 
> 4) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 18th  day of July, 2006.


                                                            //S Richard L. Hodge
                                                            RICHARD L. HODGE
                                                            UNITED STATES MAGISTRATE JUDGE

msd