# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**JAMES K. ETHRIDGE,**

    Petitioner,

v.                                     Civil Action No. 7:04-cv-109 (HL)

**RALPH KEMP, Warden,**

    Respondent.

## ORDER

The Recommendation of the United States Magistrate Judge (doc. # 19) filed July 18, 2006, has been read and considered. No objections to the Recommendation were filed by either the Petitioner, James K. Ethridge ("Ethridge"),[1] or the Government. The Recommendation is hereby accepted and made the Order of the Court, with the following observations.

**I.    PROCEDURAL HISTORY**

Ethridge pled guilty to voluntary manslaughter on February 8, 2002. (Id. at 1.) The Recommendation reflects that Ethridge was sentenced on May 15, 2002, he did not file a direct appeal, and his conviction thereby became final on or about June 15, 2002. (Id. at 2.) Therefore, Ethridge had until June 14, 2003 to seek federal habeas relief or to otherwise toll

---

[1] The Court notes the Petitioner's name was misspelled in the case heading of the Recommendation, but the current Order utilizes the proper spelling.

the one year statute of limitations by properly filing an application for post-conviction relief or other collateral review. (Id.)  However, Ethridge did not submit a petition for habeas corpus relief under 28 U.S.C. § 2254 until July 2, 2005, at which point it was untimely. (Id. at 1.)

## II.   ANALYSIS

### A.   28 U.S.C. § 2254 Filing Date

The Recommendation notes that Ethridge executed the instant 28 U.S.C. § 2254 petition on or about July 2, 2005 (id.) and calculates the untimeliness of his habeas petition accordingly.  However, while Ethridge did not submit official 28 U.S.C. § 2254 paperwork (doc. # 9) until July 2, 2005, after he was directed to do so by the United States Magistrate Judge (doc. # 8), Ethridge initiated the instant matter by sending a letter (doc. # 2, part 2 at 3-9) to Judge William C. O'Kelley, Senior District Judge for the Northern District of Georgia.  Judge O'Kelley's office received this letter from Ethridge on September 3, 2004 (id. at 3), and the Clerk of Court styled it as a 42 U.S.C. § 1983 petition (doc. # 2, part 1 at 1).  Subsequently, on September 30, 2004, Judge Charles A. Moye, Jr., District Judge for the Northern District of Georgia, directed the Clerk of Court to "re-style" the action as a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 and then ordered the petition transferred to the United States District Court for the Middle District of Georgia, Valdosta Division. (Id. at 1-2.)[2]

---

[2] This transfer was consistent with the long-standing policy and practice of the United States District Courts for the Northern, Middle and Southern Districts of Georgia to cause all habeas corpus

Accordingly, there are three dates on which the Court could consider Ethridge's habeas corpus petition filed: July 2, 2005, the date Ethridge filed the proper paperwork for a § 2254 claim; September 30, 2004, the date Judge Moye instructed the Clerk of Court to restyle Ethridge's letter as a § 2254 petition; or August 23, 2004, the date Ethridge sent his letter to Judge O'Kelley.[3]  However, regardless of which date the Court construes as the original filing date for Ethridge's petition, his application remains untimely.  Ethridge had until June 14, 2003 to seek federal habeas relief or to otherwise toll the one year statute of limitations, but he failed to do so.

B.    **Equitable Tolling**

In his Objections, Ethridge contends his failure to timely file a habeas petition should be equitably tolled.  The Court agrees with the United States Magistrate Judge that none of Ethridge's arguments demonstrate the "extraordinary circumstances" contemplated by the application of equitable tolling.  However, the Court will also briefly address another potential argument for equitable tolling that Ethridge did not raise, if only to debunk it.

As mentioned previously, Ethridge was sentenced on May 15, 2002, and he did not file a direct appeal.  Upon a review of the record, though, the Court notes that Ethridge did file a Motion for Reduction of Sentence (doc. 12 at 12) on May 30, 2002, which was denied

---

petitions to be filed in or transferred to the district within which the state prisoner was convicted.

[3] Although Ethridge's letter was date-stamped "received" by the Clerk of the Court on September 5, 2004, under the "mailbox rule," the Court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, August 23, 2004, which is the date he wrote on his letter. See, e.g., McDaniel v. Moore, 292 F.3d 1304, 1307 (11th Cir. 2002) (discussing the prison "mailbox rule").

by the Superior Court of Lowndes County on September 5, 2002 (id. at 10).  The United States Court of Appeals for the Eleventh Circuit has held that a petitioner's judgment becomes final on the date that the time for seeking direct review expires, and that "this date [is] not affected by his application for sentence review, because an application for sentence review is not a part of the direct appeals process in Georgia law."  Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (citations omitted).  Therefore, Ethridge's judgment of conviction became final on June 15, 2002, the date on which his 30-day right to appeal the May 15, 2002 judgment expired.[4]  His habeas corpus petition is thus untimely.[5]

## III.   CONCLUSION

---

[4] The Court acknowledges that the Bridges case dealt with a petitioner who had requested that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6, while Ethridge filed his own motion with the same judge who had sentenced him.  The Court further notes that the Fourth and Tenth Circuits have disagreed about whether filing a motion for reduction of sentence in state court tolls the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations.  Compare Walkowiak v. Haynes, 272 F.3d 234, 239 (4th Cir. 2001) ("Because the consideration of a motion under West Virginia Criminal Procedure Rule 35(b) is part and parcel of the original proceeding in which the defendant was sentenced and does not entail a legal challenge to the original sentence, we hold that such a proceeding is not 'collateral' within the meaning of section 2244(d)(2) and therefore that the one-year statute of limitations period of that provision is not tolled during the pendency of such proceeding.") with Howard v. Ulibarri, No. 05-2346 2006 WL 2277965, at *3 (10th Cir. Aug. 9, 2006) ("[A] properly filed motion for modification of sentence under New Mexico Rule of Criminal Procedure 5-801(B) tolls the one-year limitation period in 28 U.S.C. § 2244(d)(1).").  Nevertheless, the Court concludes the rationale underlying the Bridges and Walkowiak decisions supports the conclusion that Ethridge's pursuit of a modification of his sentence with the original sentencing judge did not toll his AEDPA statute of limitations.

[5] Giving Ethridge every benefit of the doubt, even if the Court held that his motion for reduction of sentence tolled the AEDPA statute of limitations until September 5, 2002, the date the Superior Court of Lowndes County denied his application, and concluded his habeas corpus petition was filed on August 23, 2004, the earliest date it could be argued he filed it, his § 2254 petition would still have been filed almost an entire year after the statute of limitations expired.

The Recommendation of the United States Magistrate Judge (doc. # 19) is adopted.

SO ORDERED, this the 16th day of August, 2006.

                                            <u>s/   Hugh Lawson</u>
                                            **HUGH LAWSON, JUDGE**

pdl